

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00785-CR

Weston James **PRICE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 20-08-0216-CRA
Honorable Jennifer Dillingham, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
         H. Todd McCray, Justice
         Velia J. Meza, Justice

Delivered and Filed: April 29, 2026

DISMISSED

Pursuant to a plea-bargain agreement, appellant pleaded guilty to aggravated assault and was sentenced to eighteen years of confinement. The trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

Generally, in a plea bargain case, a defendant may appeal only: (1) those matters that were raised by written motion filed and ruled on before trial, (2) after getting the trial court's permission to appeal, or (3) where the specific appeal is expressly authorized by statute. *Id*. 25.2(a)(2). *See id*. 25.2(a)(2)(A),(B),(C). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id*. The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id*. The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that appellant does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. 25.2(d).

On February 25, 2026, we informed appellant that this appeal would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended trial court certification showing that appellant has the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174, 177 (Tex. App.—San Antonio 2003, no pet.). On March 16, 2026, appellant's counsel filed a response stating appellant has no right to appeal and conceding this appeal should be dismissed.

Accordingly, this appeal is DISMISSED pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure.

PER CURIAM

DO NOT PUBLISH